UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY WORD,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SOUTHFIELD, *et al.,*<br><br>    Defendants. | Case No. 2:19-cv-10770-LJM-APP<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Michigan prisoner Jerry Word has filed a pro se civil rights complaint asserting improper conduct by the police and the attorneys involved in his 2015–16 state criminal proceedings. Word seeks to proceed without prepaying the filing fee.

The Prison Litigation Reform Act precludes a prisoner from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, this "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted.

Word has filed several federal lawsuits and the Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Word v. City of Detroit, et al.*, No. 2:16-cv-11423 (E.D. Mich. March 6, 2017) (partial dismissal); *Word v. City of Detroit, et al.*, No. 2:05-cv-74501 (E.D. Mich. June 16, 2006); *Word v. United States of America*, No. 2:05-cv-74500 (E.D. Mich. Dec. 13, 2005); *Word v. Drone*, No. 00-cv-71827 (E.D. Mich. May 13, 2000); *Word v. Vincent*, et al., No. 2:99-cv-70949 (E.D. Mich. March 19, 1999); *Word v. Michigan Atty. Grievance Comm'n*, No. 2:99-cv-70948 (E.D. Mich. March 19, 1999).

Consequently, Word has "three-strikes" and cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Word makes no such allegations in his pleadings. He thus fails to establish that he should be allowed to proceed without prepayment of the filing fee.

Word's application for leave to proceed without prepayment of the filing fee for this action is DENIED and his civil rights complaint with an independent action in equity and state law claims is DISMISSED pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which, again, requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is

"frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: June 7, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, June 7, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager